UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.V., A SEX TRAFFICKED INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>AVALONBAY COMMUNITIES, INC. D/B/A AVALON AT MISSION BAY, et al.,<br><br>Defendants. | Case No. 26-cv-00088-TSH<br><br>**ORDER GRANTING REQUEST TO PROCEED UNDER PSEUDONYM** |

Plaintiff A.V. alleges Defendants were participants in a sex-trafficking venture that took place just under a two-year period, starting when Plaintiff was a minor. Compl. ¶ 1, ECF No. 1. As part of her complaint, Plaintiff requests the Court grant a protective order under Federal Rule of Civil Procedure 26(c) to permit her to proceed under a pseudonym, stating she also intends to file a formal motion to proceed under a pseudonym after completing service on Defendants so as to determine whether they would oppose Plaintiff's request. *Id.* ¶ 7.

A defendant's due process right to confront an adversary and the public's right of access to judicial proceedings require that, in most cases, individuals filing lawsuits do so in their own names. *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068-69 (9th Cir. 2000); *see also* Fed. R. Civ. P. 10(a) (requiring that the title of every complaint "include the names of all the parties"). However, in the "unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment,"

parties may use pseudonyms.[1] *Does I through XXIII v. Advanced Textile*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (citations omitted). The Ninth Circuit has identified three circumstances where this may be the case: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id*. at 1068. When a party fears retaliation, the court balances: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to retaliation, (4) the prejudice to the opposing party, and (5) whether the public's interest in the case requires that litigants reveal their identities. *Kamehameha Schools*, 596 F.3d at 1042. District courts have broad discretion to determine whether a plaintiff may proceed anonymously. *Advanced Textile Corp.*, 214 F.3d at 1068; *Kamehameha Schools*, 596 F.3d at 1045-46.

Given the nature of the claims in this case, the Court finds the need of Plaintiff for anonymity outweighs the risk of prejudice to Defendants at this preliminary stage, as Plaintiff shows that anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature. "With regard to allegations of sexual assault, several courts have concluded that any prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity." *M.R. v. Fed. Corr. Inst. "FCI" Dublin*, 2022 WL 5225881, at *1 (N.D. Cal. Oct. 5, 2022) (collecting cases). Accordingly, the Court **GRANTS** Plaintiff's request to proceed using the pseudonymous designation "A.V." As Defendants have not yet appeared, they may later file a motion to compel disclosure of Plaintiff's true name if they can make a good faith showing of prejudice. *See Doe v. Mt. Diablo Unified Sch. Dist.*, 2018 WL 2317804, at *2 (N.D. Cal. May 22, 2018); *Advanced Textile Corp.*, 214 F.3d at

---

[1] The Ninth Circuit does not require a plaintiff to obtain leave to proceed anonymously before filing an anonymous pleading. *See Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (finding that any attempt to proceed anonymously would be pointless if a plaintiff had to use his or her real name first); *Doe v. Penzato*, 2011 WL 1833007, at *4 (N.D. Cal. May 13, 2011) ("Although some Circuits require plaintiffs to obtain leave of the court before filing an anonymous pleading, the Ninth Circuit does not.").

1069 ("We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses.").

**IT IS SO ORDERED.**

Dated: January 6, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge